UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | No. 2:16 CR 167 |
| ) | |
| **DEMARIO STREETER** ) | |

**OPINION and ORDER**

This matter is before the court on defendant Demario Streeter's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 111.) For the reasons that follow, the motion will be denied.

**I.   BACKGROUND**

In July 2017, following his guilty plea, Streeter was sentenced to a term of 70 months' imprisonment, and a two-year term of supervised release, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (DE # 52.) Streeter is currently incarcerated at FCI Gilmer, in Glenville, West Virginia. Streeter is 25 years old and has a projected release date of March 1, 2022. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Apr. 1, 2021).

Streeter has filed a *pro se* motion for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 111.) In his motion, Streeter presents evidence that he tested positive for COVID-19 in November 2020, and states that he has asthma. (*Id.* at 3, 6.)

Pursuant to this court's General Order 2020-11, the undersigned referred Streeter's motion to the Northern District of Indiana Federal Community Defenders (FCD) to

determine whether Streeter may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act. (DE # 113.) The FCD filed a status report stating that, after reviewing defendant's motion, the FCD would be unable to assist defendant. (DE # 115.)

The Government filed a response, opposing Streeter's motion. (DE # 121.) Streeter did not file a reply and the time to do so has now passed. (*See* DE # 120.) This matter is ripe for ruling.

## II.  ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

### 1.  Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may

file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

The Government argues that Streeter failed to exhaust his administrative remedies, and represents (without supporting evidence) that it has contacted counsel for the BOP and was told that defendant did not file a request for compassionate release. Streeter does not address the issue of exhaustion in his motion, and he did not file a reply.

The basis of Streeter's motion is that he tested positive for COVID-19 on November 2, 2020. (DE # 111 at 3, 6.) His motion was filed in this court on November 23, 2020. (DE # 111.) Thus, in order to have exhausted his administrative remedies, Streeter would have needed to file a request with the warden of his prison, received a denial of his request, pursued any available administrative appeal, and received a denial of his appeal, in the time between November 2nd and November 23rd. *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) (Section 3582(c)(1)(A) requires issue exhaustion; an inmate is required to present the same or similar grounds for compassionate release in a request to the BOP as in a motion to the court). While it seems unlikely that Streeter could have completed this process in such a condensed period of time, exhaustion is an affirmative defense, and the Government loses the benefit of the defense if it fails to properly invoke it. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).[1] The

---

[1] However, if the Government properly invokes an exhaustion defense, dismissal is mandatory, and a district court has no discretion to grant compassionate release. *Id.*

Government has the burden to support its affirmative defense. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In the absence of evidence supporting its assertion that Streeter failed to exhaust his administrative remedies,[2] the court will proceed to the merits of Streeter's request.

## 2. Extraordinary and Compelling Reasons

The court is only authorized to grant defendant's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate

---

[2] The Government submitted, without any explanation, a document titled "Administrative Remedy Generalized Retrieval." (DE # 121-1.) The court will not speculate as to the meaning of this document, and the information to be gleaned is not clear on the face of the document.

4

release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

The spread of COVID-19 has created unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Streeter argues that he should be granted compassionate release because he tested positive for COVID-19 and has asthma. (DE # 111 at 3.) Streeter's medical records demonstrate that his COVID-19 infection was "resolved" as of November 24, 2020. (DE # 123-1 at 4.) While the CDC identifies moderate-to-severe asthma as a condition that could make a person more likely to get severely ill from COVID-19, *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 1, 2021), Streeter appears to have recovered from the virus. Moreover, while re-infection may be a possibility, the facility where Streeter is incarcerated currently has only 1 inmate case, and 3 staff cases, of COVID-19. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Apr. 1, 2021).

5

Thus, it appears that the BOP has now effectively controlled the spread of the virus at Streeter's facility, and Streeter's risk of reinfection seems unlikely at this time.

Under these circumstances, Streeter has not established an extraordinary and compelling reason warranting compassionate release. While his medical condition may place him at an increased risk of severe illness were he to contract COVID-19 for a second time, the virus has been effectively controlled at his facility. Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). The circumstances in this case do not amount to an extraordinary and compelling reason justifying defendant's early release. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). Accordingly, defendant's motion will be denied.

### III.   CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c). (DE # 111.)

**SO ORDERED.**

Date: April 7, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT